UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL ANN MURPHY, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil No. 09-634-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

On December 21, 2009, a petition for habeas corpus and request for emergency review, purportedly signed by Carol Ann Murphy,[1] was filed with this court by Paula Michaud of Madawaska, Maine. (Doc. No. 1 & Ex. 1.) According to the petition Carol Ann Murphy was then being held at the Somerset County Jail in what she characterized as an unlawful detention by Michaela Murphy, (apparently not related), a Maine Superior Court Justice. Because I was unable to ascertain the exact nature of the current incarceration based upon the allegations in the petition, I ordered the State of Maine to respond. They did so on January 5, 2010. Murphy was given until February 4, 2010, to file a reply and she has not done so. I now recommend the court grant the State's request for dismissal and order the petition dismissed, because based upon the record presented, Murphy has apparently not exhausted her state remedies regarding her current incarceration.

---

[1] As the State of Maine indicates in its response/request for dismissal, Carol Ann Murphy has a lengthy history of litigation in this court including a prior habeas petition which attempted to challenge an earlier conviction relating to charges involving cruelty to animals. The background and history of Murphy's earlier state court conviction and her litigation in this court is set forth in Murphy v. Maine, Civil Nos. 08-80-B-H, 08-81-B-H. 2008 WL 2906647 (D. Me. 2008) (recommended decision) and In re Murphy, 598 F.Supp.2d 121 (D. Me. 2009). I do not recount that history here.

**Discussion**

On October 15, 2009, a criminal complaint was filed in the Superior Court at Franklin County that charged Murphy with: one count of Class C assault on an officer; one count of Class D refusing to submit to arrest or detention; one count of Class D criminal use of an electronic weapon; and three counts of Class D cruelty to animals. State of Maine v. Carol A. Murphy, Superior Court at Franklin County, Docket No. FARSC-CR-2009-00329.  At her initial appearance that same date, the Superior Court (Murphy, J.) set bail for Murphy in the amount of $10,000 cash or $100,000 single surety.  As of December 29, 2009 (the day the docket record was printed), Murphy had not posted bail.

On November 24, 2009, the Franklin County Grand Jury returned an indictment charging Murphy with the above six counts.  On December 2, 2009, the Superior Court (Murphy, J.) issued an order granting the State's motion for a mental examination of Murphy.  On December 18, 2009, Murphy entered not guilty pleas to the six counts of the indictment at her arraignment. That case is currently pending in the Superior Court.   The docket sheet reflects that Murphy is represented by court appointed counsel in the criminal proceeding.   (Doc. No. 4.)

> The Antiterrorism and Effective Death Penalty Act of 1996 directs:
>
> habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement codified preexisting law. The Supreme Court has long maintained "that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Rose v. Lundy, 455 U.S. 509, 515 (1982) (discussing Ex parte Royall, 117 U.S. 241, 251 (1886)). We have interpreted this imperative as requiring a habeas petitioner to "have presented both the factual and legal underpinnings of his claim to the state courts in order for us to find it exhausted." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir.1989). Moreover, we have made no bones about the fact that a failure to exhaust ordinarily is "fatal" to the prosecution of a habeas petition. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988).

Jackson v. Coalter, 337 F.3d 74, 85 -86 (1st Cir. 2003).  This exhaustion requirement applies whether this petition is analyzed under 28 U.S.C. § 2254 or § 2241. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-93 (1973) (discussing § 2241 exhaustion of a pre-trial speedy trial challenge); Pratt v. United States 129 F.3d 54, 60 (1st Cir. 1997) (observing that habeas petitions brought by state prisoners pursuant to 28 U.S.C. §§ 2241 and 2254 are subject to an exhaustion requirement.).[2]

The State of Maine has a comprehensive Bail Code, 15 M.R.S. § 1001, et. seq.  The Assistant Attorney General who answered this petition provided the following terse response:

> The petition should be dismissed because Murphy (who is presently incarcerated because she has failed to post bail that was set on October 15th, nor has she sought review of that bail) has not exhausted her state remedies regarding the currently pending state criminal charges as required by 28 U.S.C. § 2254(b)(1)(A). She can file a motion in the Superior Court for review of the bail order.

(Answer at 3, Doc. 3). Pursuant to 15 M.R.S. § 1028 (1), a defendant in custody as a result of the bail order of a Judge of the District Court or a bail commissioner may apply to the Superior Court to obtain a de novo determination of bail.  The statute provides that the determination by the Superior Court is final and no further relief is available. 15 M.R.S. § 1028(3).  The docket sheet provided to me indicates that this action was filed in the Superior Court and that Michaela Murphy is a Superior Court Justice.  Thus it is not clear to me what "bail review" remedy might remain unexhausted and available to Carol Murphy.  Certainly the Justice who set the bail is free to amend the bail conditions upon a showing of changed circumstances or upon the discovery of new and significant information, 15 M.R.S. § 1026(3)(C).  However, there is no suggestion that Carol Murphy would fall within that provision.  There has been at least one instance where a similarly situated § 2254 petitioner has obtained review by the Maine Law Court, over the State's objection.  See Sauve v. Dion, Civil No. 7-125-P-S, 2008 WL 748345, 1 (D. Me. Feb. 26, 2008) ("On December 18, 2006, Sauve filed an

---

[2] See Hofland v. Storey, Civil No. 09-343-P-W, 2009 WL 3327202, 2 -3 (D.Me. Oct. 14, 2009).

'Application for Writ of Habeas Corpus and Review of Bail' with the Maine Supreme Judicial Court, asserting in part that his bail was excessive in violation of the Eighth Amendment to the United States Constitution. On January 18, 2007, the State of Maine filed a motion to dismiss the petition on jurisdictional grounds. On January 19, 2007, Maine Supreme Judicial Court Associate Justice Jon D. Levy conducted a *de novo* review of the Superior Court's bail order in Sauve's case and affirmed it. Sauve then filed a *pro se* motion for reconsideration. On July 9, 2007, Justice Levy denied the motion.").³  I am guessing that the State of Maine recognizes that there must be some avenue of further review for cognizable challenges to pre-trial bail determinations. See cf. Stack v. Boyle, 342 U.S. 1, 4 (1951); State v. Gleason, 404 A.2d 573, 579 n.4 (Me. 1979); see also State v. Felch, 2007 ME, 88, ¶ 9, 928 A.2d 1252, 1254.

It appears to me that the principles of comity require, at least at this juncture, that this Court treat this claim as unexhausted.  The remedy available to Murphy is her right to a speedy and public trial and there is no suggestion on this record that Murphy has been detained for an unreasonable length of time pending that trial.  Murphy is represented by counsel in the ongoing state court criminal proceeding.  Her petition does not raise an obvious and glaring constitutional violation, but rather appears to be an attempt to obtain this court's review of the interlocutory bail order entered by the Superior Court Justice.   If there is no right to appeal such an order in the state court system, it does not appear to me that this record presents the scenario where a federal review should be undertaken.  If there is a mechanism for "bail review" in the state court, then obviously Murphy should first exhaust that procedure, but even if she were to do so, the same prudential concerns about interfering with an ongoing state court prosecution would, on this record, lead me to recommend that the court dismiss the petition.

The State also suggests that the petition should be dismissed because it was not signed under

---

³ The State here seems to be taking the position that there would be some jurisdictional foundation for the Law Court's review.

penalty of perjury and because of Chief Judge Woodcock's order barring Murphy from filing further cases in this court without first obtaining leave of court. Neither of these "suggestions" is sufficient to warrant dismissal of the action. The order barring further litigation pertained to "any dispute between Ms. Murphy and state or municipal officials within the state of Maine concerning animals." In re Murphy, 598 F.Supp.2d 121, 124 (D.Me. 2009). While animals may or may not have been a precipitating factor leading to Murphy's current arrest and incarceration, it would be a stretch to say that a habeas petition based on denial of bail in connection with charges that arose during an alleged assault in October 2009 were within the ambit of the prohibited filings contemplated by the February 18, 2009, order.

As for Murphy's failure to affirm the petition under penalty of perjury, as required by 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.") and Rule Governing Section 2254 Cases Rule 2(c)(5),[4] the remedy in the first instance is, most often, for the judge to return the unsigned petition to the applicant. See Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir.1990); Application of Gibson, 218 F.2d 320 (9th Cir.1954) (per curiam). It appears unlikely that such a course would lead to the resolution of this matter, although if the Court determines that relief might be appropriate in this instance, I would recommend that before reaching the merits of this petition Murphy be given the opportunity to file an amended complaint that fully complies with the statutory and rule directive.

---

[4] The question of insisting on this verification requirement does not raise the question of how far the Court can go in applying the Rules Governing Section 2254 cases to Section 2241 petitions. See Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004); Bramson v. Winn, 136 Fed.Appx. 380, 382, 2005 WL 1399321, 2 (1st Cir. 2005); Ambachew v. Ashcroft, No. 1:05-CV00677OWWTAGHC, 2005 WL 1398514, 2 (E.D.Cal. June 10, 2005).

**Conclusion**

For the reasons stated above, I recommend that the Court deny Murphy 28 U.S.C. § 2254 relief. I further recommend that a certificate of appealability should not issue in the event Murphy files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 12, 2010.